IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIM ROMANIAN PENTECOSTAL CHURCH,<br>LOGOS BATIST MINISTRIES | )<br>)<br>) | |
| Plaintiff, | ) | Case No. 20 C 2782 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| JAY ROBERT PRITZKER,<br>in his official capacity as Governor of the<br>State of Illinois, | )<br>)<br>)<br>) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Defendant Governor Jay Pritzker has filed a Motion to Transfer and Reassign as Related Case (Doc. 17), seeking an order from this court transferring the instant case to the Western Division and then reassigning the case to Judge John Lee as related to <u>Cassell v. Snyder</u>, 3: 20-cv-50153, currently pending before him. Because that motion is both procedurally improper and unwarranted, it is denied.

Under 28 U.S.C. 1404(a) the court may transfer a case to another district or division for convenience of the parties and witnesses when it is in the interest of justice. To succeed the movant must show "(1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice." <u>Moore v. Motor Coach Indus.</u>, 487 F. Supp. 2d 1003, 1006 (N.D. Ill. 2007). The court considers these factors "in light of all the circumstances of the case." <u>Coffey v. Van Dorn Iron Works</u>, 796 F.2d 217, 219–20 (7th Cir. 1986).

In the instant case, the Western Division is not more convenient for the parties. Plaintiffs

are located in the Eastern Division and have no presence or contact in the Western Division. Defendant, of course, is equally present in both divisions. To the extent that this case would require an evidentiary hearing, all of plaintiffs' witness are located in the Eastern Division. This transfer to the Western Division would not be more convenient for the parties and witnesses.

Nor would transfer be in the interest of justice. Defendant argues that reassigning the case to Judge Lee, who is presiding over Cassell and which involves similar issues, would preserve judicial resources. But judges in this district deal with similar legal issues on a daily basis. That is how the random system assignment works. Simply because a case in another district or division contains similar issues is no reason to transfer. This court is as familiar with the legal issues as is Judge Lee. While this court understands defendant's desire to have this case heard by a judge who has already ruled in his favor in a similar case, that is no reason to go to the extraordinary step of transferring the case to the Western Division.

Moreover, even if the court were to transfer the case to the Western Division, this court cannot order the case reassigned to Judge Lee. Only Judge Lee, who is presiding over the lower number case can make that decision. L.R. 40.4(c)(2). And, there is no guarantee that once transferred to the Western Division Judge Lee would agree to take the case, particularly because the cases involve different parties. In addition, plaintiffs in the instant case have raised additional legal challenges to those raised in the Cassell case, as well as factual allegations regarding the size of the congregation and the physical size of the churches involved, along with their offer to maintain social distancing and personal hygiene procedures for their church services.

Consequently, for the reasons described above, defendant's Motion to Transfer and Reassign case [Doc. 17] is denied.

**ENTER**: 5/10/2020

Robert W. Gettleman
United States District Judge