# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

May 16, 2020

Before

FRANK H. EASTERBROOK, *Circuit Judge*
MICHAEL S. KANNE, *Circuit Judge*
DAVID F. HAMILTON, *Circuit Judge*

| No. 20-1811 | ELIM ROMANIAN PENTECOSTAL CHURCH, et al., Plaintiffs - Appellants  v.  JAY R. PRITZKER, in his official capacity as Governor of the State of Illinois, Defendant - Appellee |
|---|---|
| **Originating Case Information:** | |
| District Court No: 1:20-cv-02782 Northern District of Illinois, Eastern Division District Judge Robert W. Gettleman | |

The following are before the court:

1. **PLAINTIFFS-APPELLANTS' EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL AND TO EXPEDITE APPEAL**, filed on May 15, 2020, by counsel for the appellants.

2. **BRIEF OF AMICUS CURIAE AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE IN SUPPORT OF APPELLEES AND IN OPPOSITION TO APPELLANTS' EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL**, filed on May 16, 2020, by counsel for amicus curiae.

Appeal no. 20-1811                                                                                    Page 2

3.  **DEFENDANT-APPELLEE'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL AND TO EXPEDITE APPEAL**, filed on May 16, 2020, by counsel for the appellee.

4.  **PLAINTIFFS-APPELLANTS' REPLY IN SUPPORT OF EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL AND TO EXPEDITE APPEAL AND ALTERNATIVE MOTION TO STRIKE RESPONSE**, filed on May 16, 2020, by counsel for the appellants.

**IT IS ORDERED** that plaintiffs-appellants' emergency motion for an injunction pending appeal, filed on May 15, 2020, is **DENIED**. Based on this court's preliminary review of this appeal for purposes of this motion, we find that plaintiffs have not shown a sufficient likelihood of success on the merits to warrant the extraordinary relief of an injunction pending appeal. The Governor's Executive Order 2020-32 responds to an extraordinary public health emergency. *See generally Jacobson v. Massachusetts*, 197 U.S. 11 (1905). The Executive Order does not discriminate against religious activities, nor does it show hostility toward religion. It appears instead to impose neutral and generally applicable rules, as in *Employment Division v. Smith*, 494 U.S. 872 (1990). The Executive Order's temporary numerical restrictions on public gatherings apply not only to worship services but also to the most comparable types of secular gatherings, such as concerts, lectures, theatrical performances, or choir practices, in which groups of people gather together for extended periods, especially where speech and singing feature prominently and raise risks of transmitting the COVID-19 virus. Worship services do not seem comparable to secular activities permitted under the Executive Order, such as shopping, in which people do not congregate or remain for extended periods. Further, plaintiffs-appellants may not obtain injunctive relief against the Governor in federal court on the basis of the Illinois Religious Freedom Restoration Act. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

**IT IS FURTHER ORDERED** that plaintiffs-appellants' motion to expedite the appeal is **GRANTED**. Briefing shall proceed as follows:

1.  The brief and required short appendix of the appellants are due by May 22, 2020.

2.  The brief of the appellee is due by June 1, 2020.

3.  The reply brief of the appellant, if any, is due by June 5, 2020.

Appeal no. 20-1811                                                                 Page 3

Oral argument will be set by separate order after briefing is completed.

**IT IS FINALLY ORDERED** that plaintiffs-appellants' motion to strike is **DENIED**. The defendant-appellee is **GRANTED** leave to file his overlength response, which was prepared and filed in less than 12 hours in accordance with this court's order.

Important Scheduling Notice !

Notices of hearing for particular appeals are mailed shortly before the date of oral argument. Criminal appeals are scheduled shortly after the filing of the appellant's main brief; civil appeals after the filing of the appellee's brief. If you foresee that you will be unavailable during a period in which your particular appeal might be scheduled, please write the clerk advising him of the time period and the reason for such unavailability. Session data is located at http://www.ca7.uscourts.gov/cal/calendar.pdf. Once an appeal is formally scheduled for a certain date, it is very difficult to have the setting changed. See Circuit Rule 34(e).

form name: **c7_Order_3J**(form ID: **177**)