**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ELIM ROMANIAN PENTECOSTAL CHURCH and LOGOS BAPTIST MINISTRIES,<br><br>                Plaintiffs,<br><br>   v.<br><br>JB PRITZKER, in his official capacity as Governor of Illinois,<br><br>                Defendant. | No. 20-C-02782<br><br>Judge Robert W. Gettleman |

## <u>MOTION TO DISMISS</u>

Defendant Governor JB Pritzker, in his official capacity as Governor of Illinois, by his attorney, Illinois Attorney General Kwame Raoul, respectfully moves this Court to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support of this motion, the Governor states the following:

1.      The Governor seeks dismissal under Rule 12(b)(1) because the claims for injunctive relief that prompted plaintiffs to file this lawsuit are now moot. Plaintiffs sued the Governor on May 7, 2020, to enjoin a ten-person limitation on gatherings imposed in the first weeks of the Covid-19 pandemic in Illinois. Plaintiffs, two Pentecostal Christian churches, challenged the order as an unconstitutional infringement on their religious liberty because they wished to conduct in-person worship services with more than ten congregants.

2.      The executive order imposing the challenged limitation expired on May 29, 2020. The order that superseded it, along with the numerous orders that followed, have all included a categorical exemption for free exercise of religion. The Governor has also repeatedly affirmed that

he will not reimpose a numerical limitation on houses of worship for the remainder of the Covid-19 pandemic. Indeed, plaintiffs resumed conducting in-person worship services with more than ten congregants nearly a year ago. Plaintiffs have no need for an injunction and any injunction at this point would be an advisory opinion inconsistent with Article III's case or controversy requirement.

3.      Plaintiffs' remaining claims for relief, which seek nominal damages and injunctions based on state law, are barred by both sovereign immunity and qualified immunity and should be dismissed under Rule 12(b)(6). The Eleventh Amendment bars federal courts from awarding damages against the State absent its consent or the Amendment's abrogation by federal statute, but there is no allegation here that the State has consented or that its immunity has been abrogated. *See McDonough Assocs., Inc. v. Grunloh*, 722 F.3d 1043, 1050 (7th Cir. 2013). The Governor is also entitled to qualified immunity against those claims, given that the challenged executive order was, at the very least, consistent with governing law at the time it was issued (and so cannot be said to have violated any "clearly established" rights). *See Kemp v. Liebel*, 877 F.3d 346, 350 (7th Cir. 2017).

4.      For these reasons, and those detailed in the accompanying memorandum, which is incorporated here by reference, plaintiffs' claims should be dismissed with prejudice.

WHEREFORE, the Governor respectfully requests that the Court enter an order dismissing this case with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Dated: May 14, 2021                    Respectfully submitted,

                                        KWAME RAOUL
                                        Illinois Attorney General

R. Douglas Rees                By:  /s/ Alex Hemmer
Christopher G. Wells                  Alex Hemmer
Office of the Illinois Attorney General      Deputy Solicitor General
100 W. Randolph Street                Office of the Illinois Attorney General
Chicago, Illinois 60601               100 W. Randolph Street, 12th Floor
                                        Chicago, Illinois 60601
                                        (312) 725-3834
                                        alex.hemmer@illinois.gov