**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| ELIM ROMANIAN PENTECOSTAL CHURCH and LOGOS BAPTIST MINISTRIES,<br><br>Plaintiffs,<br><br>v.<br><br>JB PRITZKER, in his official capacity as Governor of Illinois,<br><br>Defendant. | No. 20-C-02782<br><br>Judge Robert W. Gettleman |

**REPLY IN SUPPORT OF
THE GOVERNOR'S MOTION TO DISMISS**

This case should be dismissed because there is no live controversy for the Court to resolve. Plaintiffs ask the Court to enjoin a provision of an executive order that expired over a year ago, that was not reimposed even during the apex of the Covid-19 pandemic in Illinois, and that the Governor has said he will not reimpose for the duration of the pandemic. At this point, with increasing vaccination rates and declining Covid-19 cases bringing Illinois to the brink of a complete re-opening in a matter of days, there is no meaningful relief this Court can provide plaintiffs based on their complaint. These changed circumstances make plaintiffs' claims for injunctive and declaratory relief moot, and their claims for damages are barred both by sovereign immunity and qualified immunity, as the Governor explained in his motion.

Plaintiffs offer little by way of response except heated rhetoric. They do not dispute that their damages claims are barred by immunity principles and should be dismissed on that basis. They do not even dispute that the expiration of the challenged order makes their claims for

injunctive and declaratory relief moot absent the application of the voluntary-cessation doctrine. Plaintiffs rely instead on a line of opinions rejecting mootness arguments in different states and in different circumstances. But those cases have no bearing here: They simply apply the same legal principles on which the Governor relies and reach different results based on different facts. In the end, plaintiffs offer no reason that their claims for injunctive relief are not moot, no reason that their claims for damages are not barred by immunity, and no reason why this case should continue.

## ARGUMENT

**I.      Plaintiffs' claims for injunctive and declaratory relief are moot.**

As the Governor has explained, *see* ECF No. 68 at 4–11 ("Mot."), plaintiffs' claims for injunctive and declaratory relief are moot because the challenged limitation has expired and there is no reasonable prospect it will be reimposed. Plaintiffs' only real response is that other courts in other cases challenging pandemic-related executive orders have rejected mootness arguments. They attempt to draw from this unremarkable fact a sweeping rule that, at least in pandemic cases, "the Governor's retention of authority" to reimpose restrictions *always* "negates mootness," ECF No. 70 at 4 ("Opp.") (emphasis omitted). Plaintiffs badly misread these cases, which rest on nothing more than the application of garden-variety mootness principles to the facts before those courts. Here, as the Governor has explained, the facts of *this* case—the expiration of the challenged limitation over a year ago and the Governor's demonstrated commitment not to reimpose it—make plaintiffs' claims for injunctive and declaratory relief moot.

### A.      Plaintiffs' cases are distinguishable.

Plaintiffs' opposition rests at bottom on their assertion that a range of other cases rejecting mootness arguments apply a rule that—at least in cases challenging pandemic-related executive orders—the Governor's mere retention of authority to reimpose restrictions, standing alone, saves

such a challenge from mootness. Opp. 4, 7, 10. But the cited opinions rest on nothing more than the courts' analysis of the facts presented in those cases, and those facts are materially different from the facts before this Court.

Plaintiffs rely principally on three Supreme Court opinions that, in plaintiffs' view, make clear that "the Governor's retention of authority to reinstate [the challenged] restrictions negates mootness," Opp. 7. These cases rest on no such rule. At the outset, no state respondent in any of these cases argued mootness, and so the Supreme Court's resolution of each cannot reasonably be read to announce a new mootness rule. In *Tandon v. Newsom*, 141 S. Ct. 1294 (2021) (per curiam), California argued only that the then-impending expiration of the challenged policy counseled against a grant of emergency injunctive relief. *See* Opposition to Emergency Application for Writ of Injunction at 20–23, *Tandon*, 141 S. Ct. 1294 (No. 20A151). New York made a similar argument in *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020) (per curiam). *See* Letter from Barbara D. Underwood, Solicitor Gen., New York Office of the Att'y Gen., to Scott S. Harris, Clerk of the Court, Supreme Court of the United States 1 (Nov. 19, 2020), *Roman Catholic Diocese*, 141 S. Ct. 63 (No. 20A87); *Roman Catholic Diocese*, 141 S. Ct. at 74 (Kavanaugh, J., concurring) ("[T]he State does not suggest . . . that these cases are moot . . . ."). And California made no changed-circumstances argument at all in *South Bay United Pentecostal Church v. Newsom*, 141 S. Ct. 716 (2021) (per curiam). These opinions thus cannot be read to announce the mootness rule that plaintiffs press.[1]

---

[1] Plaintiffs also cite *Gateway City Church v. Newsom*, 141 S. Ct. 1460 (2021) (mem.), and *Agudath Israel of America v. Cuomo*, 141 S. Ct. 889 (2020) (mem.), for the same proposition, Opp. 2. But *Gateway City* and *Agaduth Israel* were issued contemporaneously with other decisions on which plaintiffs rely, and do not rest on any facts unique to those cases.

In any event, to the extent *Tandon* and *Roman Catholic Diocese* rest on the Court's view of the impact of changed circumstances in those cases, the facts of those cases are far different from those here, and the Supreme Court's resolution of them has no bearing on the mootness question presented here. In each case, the state defendant argued that recent or impending changes in the content or applicability of the challenged order militated against the entry of injunctive relief. In *Tandon*, California argued that the challenged limitations—then still in effect—would shortly be superseded by a new executive order imposing different limitations. Opposition to Emergency Application for Writ of Injunction at 20–23, *Tandon*, 141 S. Ct. 1294 (No. 20A151). And in *Roman Catholic Diocese*, New York had not "withdrawn or amended the relevant Executive Order" that imposed the challenged limit, 141 S. Ct. at 74 (Kavanaugh, J., concurring); the only relevant change in circumstance was a decrease in infection rates that had led to a reclassification of the applicants' regions into "zones" subject to less strict measures, *id.* at 66-69. The facts of this case could not be more different: Whereas in *Tandon* and *Roman Catholic Diocese* the challenged limitation was still in force at the time the Supreme Court ruled, here the challenged limitation has not been in force for a year, the Governor has stated he will not reimpose it, and he has affirmed that commitment through his conduct. These opinions have no bearing here.[2]

The out-of-circuit cases cited by plaintiffs, Opp. 10-12, are similarly immaterial. These cases rest on no pandemic-specific mootness analysis, but rather the application of ordinary

---

[2] Moreover, to the extent that, as plaintiffs imply, the Supreme Court (in its current composition) has all but universally resolved appeals in pandemic-related cases against the state respondents, Opp. 3–7, the Court's denial of certiorari in *this* case necessarily reflects its view that the case is moot, as the Governor has explained, Mot. 10–11. Plaintiffs object to this argument, Opp. 7, but identify no other reason why the Supreme Court would have denied certiorari rather than granting the petition if the Court's view was in fact that the mere retention of authority saved a case from mootness. Indeed, the near-universality that plaintiffs tout cuts decidedly against them on the mootness question in this case.

mootness principles to the facts at hand. And each opinion, like *Tandon* and *Roman Catholic Diocese*, has little bearing here, given the difference between those cases' facts and the facts before the Court. *See, e.g.*, *Bayley's Campground, Inc. v. Mills*, 985 F.3d 153, 157–58 (1st Cir. 2021) (executive order was rescinded but replaced with similar order, and Governor did "not den[y]" that she might reimpose the challenged limitations in the future); *Calvary Chapel Dayton Valley v. Sisolak*, 982 F.3d 1228, 1230 n.1 (9th Cir. 2020) (executive order expired, but was replaced with similar order imposing similar limitations); *Calvary Chapel Lone Mountain v. Sisolak*, 831 F. App'x 317, 318 n.2 (9th Cir. 2020) (per curiam) (same); *Agudath Israel of Am. v. Cuomo*, 983 F.3d 620, 631 n.16 (2d Cir. 2020) (executive order was renewed while on appeal). None of these cases involved an executive order provision that expired more than a year ago, that will not be reimposed based on the Governor's words and actions, and that has been replaced by a categorical exemption applicable to the plaintiffs.

Finally, although the question before the Court is whether it is "absolutely clear," *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013), that the limitation challenged *here* will not be reimposed, plaintiffs are also wrong to suggest that "every other circuit to address this issue" has found similar challenges not moot, Opp. 10. To the contrary, many courts have dismissed similar challenges to expired or rescinded executive orders as moot—including two to the Governor's own executive orders. *See, e.g.*, *League of Indep. Fitness Facilities & Trainers, Inc. v. Whitmer*, 843 F. App'x 707, 709 (6th Cir. 2021) ("Because the challenged executive orders have been rescinded by Governor Whitmer, we cannot grant any effectual relief to the parties."); *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020) (case moot where "stay-at-home orders expired by their own terms"); *Calvary Chapel of Bangor v. Mills*, 2021 WL 2292795, at *15 (D. Me. June 4, 2021); *Pearson v. Pritzker*, 2021 WL 1121086, at *5 (N.D. Ill. Mar. 24, 2021); *Bormuth v. Whitmer*, 2021 WL

912395, at *2 (E.D. Mich. Mar. 10, 2021); *Aviles v. De Blasio*, 2021 WL 796033, at *16 (S.D.N.Y. Mar. 2, 2021); *Nowlin v. Pritzker*, 2021 WL 669333, at *3 (C.D. Ill. Feb. 17, 2021). These opinions make clear that there is no sweeping rule of the kind plaintiffs suggest.

In the end, the mootness question must be decided on the facts of this case, not on results reached by other courts in other cases. As the Governor has explained, those facts make clear that plaintiffs' claims for injunctive and declaratory relief are moot. The executive order that plaintiffs challenge expired more than a year ago; the Governor has formally stated, and confirmed through his conduct, that he will not reimpose the only limitation that plaintiffs allege violated their constitutional rights; and the Governor has significantly relaxed the mitigation measures that have been imposed during the pandemic. Mot. 2–4. Under these circumstances, the Court lacks authority to advise the plaintiffs whether the long-expired executive order violated their constitutional rights, *Already*, 568 U.S. at 91, and so it must dismiss plaintiffs' claims to the extent they seek injunctive or declaratory relief.

## B. The Seventh Circuit's year-old opinion is not law of the case.

Plaintiffs also argue that the Seventh Circuit's June 2020 opinion in this case, *Elim Romanian Pentecostal Church v. Pritzker*, 962 F.3d 341 (7th Cir. 2020), which rejected a mootness argument, binds this Court under the law-of-the-case doctrine. Opp. 8–10. As the Governor has explained, however, Mot. 9–10, the Seventh Circuit's opinion rests on circumstances no longer present here, and so it does not bind the Court. Plaintiffs' law-of-the-case argument is incorrect.

"Under the law of the case doctrine, a court generally should not reopen issues decided in earlier stages of the same litigation." *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008). But the doctrine "is a discretionary [one] that does not limit the district court's power to reopen what already has been decided." *Id.*; *see also Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219,

1227 (7th Cir. 1995) (doctrine is "no more than a presumption, one whose strength varies with the circumstances; it is not a straitjacket"). Two factors make it particularly appropriate for the Court to revisit mootness here. First, given courts' obligation to assess the existence of subject-matter jurisdiction at all stages of litigation, courts are "significantly less constrained by the law of the case doctrine with respect to jurisdictional questions." *Gilbert v. Illinois State Bd. of Educ.*, 591 F.3d 896, 903 (7th Cir. 2010); *see also* 18B Wright et al., *Federal Practice and Procedure* § 4478.5 (2d ed. 2002) (reconsideration of decisions that go to subject-matter jurisdiction "particularly appropriate" under law-of-the-case doctrine). Second, a court's discretion to revisit an issue is impacted by the "record[] and procedural posture[]" before it, *Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 894 F.3d 807, 818 (7th Cir. 2018)—i.e., whether "new evidence" requires the reconsideration of a decision made at a prior point in litigation, *id.* Indeed, the Seventh Circuit has explained that "the doctrine does not apply when the first judge never decided the precise issue before the second judge." *Id.*

The Court should not accord law-of-the-case status to the Seventh Circuit's year-old mootness determination in this case. At the most basic level, the doctrine does not apply because the Seventh Circuit "never decided the precise issue before the" Court today, *Chicago Joe's*, 894 F.3d at 818: whether plaintiffs' claims for injunctive and declaratory relief are *now* moot given that (a) the order they seek to set aside expired more than a year ago, (b) the Governor has stated and confirmed through his conduct that he will not reimpose the challenged limitation, and (c) the Governor is relaxing the mitigation measures that have been imposed throughout the pandemic based on increasing vaccination rates and declining Covid-19 cases. The question decided by the Seventh Circuit in June 2020 was wholly different: whether the simple fact that EO32 had been superseded, standing alone, mooted the case. *See Elim*, 962 F.3d at 344–45. The law-of-the-case

doctrine simply does not apply. And even if it did, the Court should exercise its "discretion[]" to revisit the mootness question, *Harris*, 531 F.3d at 513, for substantially the same reasons. Courts have an independent obligation to assess the existence of subject-matter jurisdiction, and so there is less reason to apply the law-of-the-case doctrine to prior decisions going to that issue. *Gilbert*, 591 F.3d at 903. And here, the "record" before the Court differs markedly from the record before the Seventh Circuit in the spring and summer of 2020, *Chicago Joe's*, 894 F.3d at 818, providing further reason for the Court to revisit mootness.

Plaintiffs cite four cases they say hold that the law-of-the-case doctrine applies with equal force to mootness decisions, Opp. 9, but all are easily distinguishable. *In re Memorial Estates, Inc.*, 950 F.2d 1364 (7th Cir. 1991), does not concern mootness at all, but the scope of bankruptcy jurisdiction. *See id.* at 1367. Plaintiffs cite it for the proposition that the law-of-the-case doctrine is "equally applicable to" questions of "subject-matter jurisdiction," Opp. 9, but the Seventh Circuit has since explained that the doctrine applies with substantially less force in that context, *see Chicago Joe's*, 894 F.3d at 818; *Gilbert*, 591 F.3d at 903. The remaining cases cited by plaintiffs are readily distinguishable: Setting aside that they are decades-old and not binding on the Court, all three apply the law-of-the-case doctrine to mootness arguments *identical* to those rejected by other courts. *See Johnson v. Contra Costa Cty. Sheriff's Dep't*, 152 F.3d 926, 1998 WL 383818, at *3 (9th Cir. 1998) (unpub.) (defendant argued only that prior decision was "was wrongly decided and ought to be overruled"); *Southern Pac. Transp. Co. v. Voluntary Purchasing Groups, Inc.*, 246 B.R. 532, 536 (E.D. Tex. 2000) (mootness argument "materially identical" to one rejected by court of appeals); *Gen. Ry. Signal Co. v. Corcoran*, 1992 WL 220604, at *2 (N.D. Ill. Sept. 4, 1992) (facts "ha[d] not changed since" earlier decisions rejecting mootness). Here, as noted, the mootness question before the Court differs in kind from the mootness question before

the Seventh Circuit in the spring and summer of 2020. The Court should exercise its discretion not to be bound by an earlier resolution of the mootness question under different facts.

### C.     Plaintiffs' remaining counterarguments fail.

Plaintiffs raise a grab-bag of additional counterarguments, Opp. 12–15, but none have merit.

First, plaintiffs appear to argue that even if their request for *preliminary* injunctive relief is moot, their request for *permanent* injunctive relief is not. Opp. 12–14. But plaintiffs identify no reason that would be true. They cite a range of opinions they assert rest on this distinction, but these opinions largely apply ordinary mootness principles and conclude that the claims at issue are not moot. *See, e.g.*, *United Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l*, 563 F.3d 257, 275–76 (7th Cir. 2009) (defendant changed policies after lawsuit was filed, but change in policy "did not eliminate the problem"); *Scotch Whiskey Ass'n v. Barton Distilling Co.*, 489 F.2d 809, 813 (7th Cir. 1973) (defendant "took steps to halt the practice complained of," but did not actually halt it); *Hatchett v. Barland*, 816 F. Supp. 2d 583, 591–92 (E.D. Wis. 2011) (challenged statute was not amended and remained in force); *see also Certified Grocers of Illinois, Inc. v. Local 703*, 816 F.2d 329, 330 (7th Cir. 1987) (appeal from preliminary injunction moot where that injunction expired pending appeal). None of these cases rests on any relevant rule distinguishing preliminary relief from permanent relief for mootness purposes.[3]

Plaintiffs also suggest that having brought an "as-applied" challenge to the executive order somehow salvages their claims from mootness. Opp. 14-15. But the cases they cite do not stand

---

[3] Plaintiffs also point to an injunction entered in *Harvest Rock Church v. Newsom*, No. 20-cv-6414 (C.D. Cal.), Opp. 12–13. But the Governor of California there stipulated to the entry of judgment as part of a settlement. *See* Stipulation for Judgment, *Harvest Rock Church*, No. 20-cv-6414 (C.D. Cal. May 10, 2021) (ECF No. 94).

for that proposition. Again, these opinions simply apply ordinary mootness principles and find the claims at issue not moot. In *Green v. City of Raleigh*, 523 F.3d 293 (4th Cir. 2008), and *Nextel West Corp. v. Unity Township*, 282 F.3d 257 (3d Cir. 2002), for instance, the court reasoned that the claims were not moot because, although the city ordinances at issue had been amended, the new ordinances were "sufficiently similar" to the old, *Green*, 523 F.3d at 300; *accord Nextel West*, 282 F.3d at 263, to keep the cases alive. There is no similar circumstance here. *Parker v. Judicial Inquiry Commission of Alabama*, 2017 WL 3820958 (M.D. Ala. Aug. 31, 2017), and *D'Acquisto v. Washington*, 750 F. Supp. 342 (N.D. Ill. 1990), are, if anything, further afield: Both involved challenges to rules that had *not* been amended, and each opinion rests on the court's view that the plaintiffs might in the future be subject to the existing procedures. *See Parker*, 2017 WL3820958, at *8; *D'Acquisto*, 750 F. Supp. at 346. Other than their use of the phrase "as-applied," these cases have nothing in common; they certainly do not rest on any rule distinguishing as-applied claims from facial claims for mootness purposes.

Finally, plaintiffs argue that because they have sought injunctive relief "against the entirety of the Governor's COVID regime," Opp. 13, neither the expiration of EO32 nor the Governor's statement that he will not restrict religious activities for the duration of the pandemic makes this case moot. But plaintiffs' complaint cannot reasonably be read to assert a legal challenge to the Governor's underlying authority to issue emergency public-health orders of the kind at issue here. The complaint does not, for instance, cite the Illinois Emergency Management Agency Act, the state statute authorizing the Governor to issue such orders, *see* 20 ILCS 3305/7, as it presumably would had plaintiffs intended to challenge that authority. And Count VI of plaintiffs' complaint, which they say asserts such a claim, challenges only "THE GATHERING ORDERS," which the complaint separately defines as EO32 and its forebears, *see* Compl. ¶¶ 50, 158–65. Because all of

10

these orders have been expired for a year or more, Count VI cannot fairly be read to assert a broader challenge to the Governor's authority to impose restrictions of the kind at issue here. The Court should reject plaintiffs' attempt to bootstrap a new and more sweeping challenge to the Governor's authority into this case.[4]

## II.     The Court should deny leave to amend.

Plaintiffs ask that, if the Court agrees the case is moot, it grant them leave to amend their complaint. Opp. 15. But "[d]istrict courts have broad discretion to deny leave to amend . . . where the amendment would be futile." *Tribble v. Evangelides*, 670 F.3d 753, 761 (7th Cir. 2012). Such is the case here. Plaintiffs could not amend the complaint to cure the mootness problem, because mootness stems not from any technical defect in their pleadings but from the Court's lack of authority to grant them relief regarding an executive order that has not governed their activities in over a year. Nor could plaintiffs conceivably amend the complaint to cure their immunity problem, because it, too, stems not from plaintiffs' failure to perfect their complaint but from more fundamental legal defects, including that the State has not waived its sovereign immunity. In the end, because there is no amendment plaintiffs can identify which could cure the reasons this case must be dismissed, the Court should deny leave to amend.[5]

---

[4] To the extent the Court has any doubt as to whether Count VI is fairly read to assert such a challenge, that challenge also fails on the merits. The sole legal theory asserted in Count VI is a violation of the Guarantee Clause, Compl. ¶¶ 158–65, but the Guarantee Clause is not justiciable, *see Baker v. Carr*, 369 U.S. 186, 218 (1962). The Court can therefore also dismiss this claim under Rule 12(b)(6).

[5] The proper disposition is a dismissal with prejudice as to the damages claims, *Cooper v. Illinois Dep't of Hum. Servs.*, 758 F. App'x 553, 554 (7th Cir. 2019) (per curiam), and a dismissal for want of jurisdiction without leave to amend as to the claims for injunctive and declaratory relief, *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019).

## CONCLUSION

For the foregoing reasons, the Governor respectfully requests that the Court grant his motion to dismiss the complaint.

Dated: June 10, 2021

Respectfully submitted,

KWAME RAOUL
Illinois Attorney General

R. Douglas Rees
Christopher G. Wells
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601

By:  /s/ Alex Hemmer
     Alex Hemmer
     Deputy Solicitor General
     Office of the Illinois Attorney General
     100 W. Randolph Street, 12th Floor
     Chicago, Illinois 60601
     (312) 725-3834
     alex.hemmer@illinois.gov

12